George S. **LOUIE,** Plaintiff–Appellant,

v.

Robert A. **CARICHOFF;** Jessica Lynn Coleman, Defendants–Appellees.

George S. Louie, Plaintiff–Appellant,

v.

Robert A. Carichoff; Jessica Lynn Coleman, Defendants– Appellees.

Nos. 06–16491, 06–17205.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 16, 2008.

Richard F. Armknecht, III, Esq., Lindon, UT, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert A. Carichoff, Law Office of Robert A. Carichoff, Sacramento, CA, for Defendants–Appellees.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

## MEMORANDUM **

George S. Louie appeals the dismissal with prejudice of his First Amended Complaint alleging violations of Title III of the Americans with Disabilities Act ("ADA") and related state law for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and the district court's award of attorney's fees. The parties are familiar with the facts and we do not repeat them here except as necessary. We review the district court's grant of a motion to dismiss de novo. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir.2008).

Louie fails to state a claim under 42 U.S.C. § 12182(b)(1)(D), because an attorney who uses a room in an office building to conduct a deposition does not "operate" the facility within the meaning of the ADA. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878 (9th Cir.2004) ("[W]hether Title III applies [to a private entity] depends on whether those private entities exercise sufficient control over the [facilities], and in particular over the configuration of the facilities, even temporarily, with regard to accessibility, that they can be said to 'operate' the [facilities].").  Also, Louie's allegation that "Carichoff's standards or criteria for the selection of venues for depositions have the effect of discriminating on the basis of

disability," is conclusory and undermined, in part, by Louie's own allegation that Carichoff asked Louie to suggest a location for the deposition. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). For the same reasons, Louie's cause of action under 42 U.S.C. § 12182(b)(2)(A)(ii) also fails.

Louie's claims for retaliation and intimidation under 42 U.S.C. § 12203(a) and 42 U.S.C. § 12203(b) fail because filing a motion to compel in the course of a discovery dispute is an appropriate step towards resolving the dispute, not an act of retaliation, nor an act of coercion or intimidation. *See* Cal.Civ.Proc.Code § 2025.480; *cf.* Fed. R.Civ.P. 37.

Because the federal causes of action cannot be sustained, the state law causes of action, which are based on the same conduct as the federal causes of action, were properly dismissed. *See* Cal. Civil Code § 51(f) (a violation of the ADA is a violation under California's Unruh Civil Rights Act); Cal. Civil Code § 54(c) (a violation of the ADA is a violation under California's Disabled Person's Act).

The district court did not abuse its discretion in awarding attorney's fees under 42 U.S.C. § 12205. *See Armstrong v. Davis*, 318 F.3d 965, 970 (9th Cir.2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.