**George S. LOUIE, Plaintiff–Appellant,**

**v.**

**Robert A. CARICHOFF; et al., Defendants–Appellees.**

**George S. Louie, Plaintiff–Appellant,**

**v.**

**Robert A. Carichoff; Jessica Lynn Coleman, Defendants–Appellees.**

**George S. Louie, Plaintiff–Appellant,**

**v.**

**Robert A. Carichoff; Jessica Lynn Coleman, Defendants–Appellees.**

**Nos. 06–16491, 06–17205.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed Nov. 20, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard F. Armknecht, III, Esq., Lindon, UT, for Plaintiff–Appellant.

Robert A. Carichoff, Law Office of Robert A. Carichoff, Sacramento, CA, pro se.

Robert A. Carichoff, Esq., Law Office of Robert A. Carichoff, Sacramento, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

## ORDER

The petition for panel rehearing is granted in part. The memorandum disposition filed May 16, 2008, and appearing at 279 Fed.Appx. 465, is withdrawn. It may not be cited as precedent by or to this court or any district court of the Ninth Circuit. An amended memorandum disposition is filed contemporaneously.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35. Therefore, the petition for rehearing en banc is denied.

## MEMORANDUM **

George S. Louie appeals the dismissal with prejudice of his First Amended Com-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

plaint alleging violations of Title III of the Americans with Disabilities Act ("ADA") and related state law for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and the district court's award of attorney's fees. The parties are familiar with the facts and we do not repeat them here except as necessary. We review the district court's grant of a motion to dismiss de novo. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir.2008).

■ Louie fails to state a claim under 42 U.S.C. § 12182(b)(1)(D), because an attorney who uses a room in an office building to conduct a deposition does not "operate" the facility within the meaning of the ADA. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878 (9th Cir.2004) ("[W]hether Title III applies [to a private entity] depends on whether those private entities exercise sufficient control over the [facilities], and in particular over the configuration of the facilities, even temporarily, with regard to accessibility, that they can be said to 'operate' the [facilities]."). Also, Louie's allegation that "Carichoff's standards or criteria for the selection of venues for depositions have the effect of discriminating on the basis of disability," is conclusory and undermined by Louie's own allegation that Carichoff asked Louie to suggest a location for the deposition. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). For the same reasons, Louie's cause of action under 42 U.S.C. § 12182(b)(2)(A)(ii) also fails.

■ Louie's claims for retaliation and intimidation under 42 U.S.C. §§ 12203(a), (b) fail because filing a motion to compel in the course of a discovery dispute is an appropriate step towards resolving the dispute, not an act of retaliation, coercion, or intimidation. *See* Cal.Civ.Proc.Code § 2025.480; *cf.* Fed.R.Civ.P. 37.

Because the federal causes of action cannot be sustained, the state law causes of action, which are based on the same conduct as the federal causes of action, were properly dismissed. *See* Cal. Civ.Code § 51(f) (a violation of the ADA is a violation under California's Unruh Civil Rights Act); Cal. Civ.Code § 54(c) (a violation of the ADA is a violation under California's Disabled Person's Act).

The district court did not abuse its discretion in determining that attorney's fees were warranted. *See Armstrong v. Davis*, 318 F.3d 965, 970 (9th Cir.2003). However, the district court erred in awarding fees for Carichoff's self-representation. *See Kay v. Ehrler*, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). Therefore, we remand to the district court to determine the proper fee award for Carichoff's representation of Coleman.

**AFFIRMED IN PART AND REMANDED IN PART.** Costs on appeal are awarded to appellees.